IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sandra Schilling, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:06-cv-487 |
| v. | : | Judge Sargus |
| Interim Healthcare of the Upper Ohio Valley, Inc., *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

## Report & Recommendation

This matter is before the Magistrate Judge on plaintiffs' August 23, 2006 motion for default judgment as to defendants Interim Healthcare of the Upper Ohio Valley, Interim Healthcare of the Upper Ohio Valley Health Protection Plan, and Lance Blankenship (doc. 9).

Plaintiffs filed this action on June 19, 2006 to recover employer-sponsored health benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 100, *et. seq.* ("ERISA"). Plaintiffs Sandra Schilling, Charles Schilling, and John Schilling seek compensatory damages in the amount $9,609.24 for unpaid medical expenses. Plaintiff Janet Boice seeks compensatory damages in the amount of $27,289.74 for unpaid medical expenses. Plaintiffs also seek prejudgment interest, statutory damages, the cost incurred in effecting service, and attorney fees.

If a defendant who is served with summons and complaint or who waives service fails to timely answer or otherwise respond to the complaint, plaintiff may request and the Clerk of Court will normally enter default.  Rule 55(a), Fed. R. Civ. P. The Clerk may enter judgment only "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain . . . ."  *Id.*

When a defendant is in default, plaintiff's well-pled factual allegations relating to liability are normally accepted as true.  *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich 1983).  On the other hand, allegations as to damages are not accepted as true.  *See Antoine,* 66 F.3d at 110; *Kelley*, 567 F. Supp. at 841; *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'"  *Antoine,* 66 F.3d at 110 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

Rule 55(b)(2) provides that a court may hold a hearing on a motion for default judgment when "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter . . . ."  When a motion for default judgment is filed and the affidavits supporting the motion are insufficient for the Court to determine

damages, the District Judge usually refers the motion to the Magistrate Judge for a hearing at which plaintiff has the burden of proving damages by a preponderance of the evidence. The Court may also require a *prima facie* showing of liability. *See, Moore v. United Kingdom,* 384 F.3d 1079, 1090 (9th Cir. 2004); *Ramos-Falcon v. Autoridad de Energia Electirica,* 301 F.3d 1, 2 (1st Cir. 2002); *Quirindongo Pacheco v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir. 2002); *TeleVideo System, Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987); *Doe v. Qi,* 249 F.Supp.2d 1258, 1272 (C.D. Calif. 2004); *In re DIRECTV, Inc.,* 2004 WL 2645971 (N.D.Cal. July 26, 2004).

Lance Blankenship, the President of Interim Health Care of the Upper Ohio Valley, was served on July 28, 2006. Barbara Marshall, the Secretary of Interim Health Care of the Upper Ohio Valley, was served on July 25, 2006. Diane Hunter, the Vice-President of Interim Healthcare of the Upper Ohio Valley, was served on July 26, 2006. Defendants Interim Healthcare of the Upper Ohio Valley, Interim Healthcare of the Upper Ohio Valley Health Protection Plan, and Lance Blankenship have not answered or otherwise defended against plaintiffs' claims. On November 20, 2006, a hearing was held, but defendants Lance Blankenship, Interim Healthcare of the Upper Ohio Valley, Inc., and Interim Healthcare of the Upper Ohio Valley Health Protection Plan did not appear.

At the November 20, 2006 hearing, plaintiff Sandra Schilling, the director of clinical services for the Marietta and Athens' offices for Interim Healthcare of the Upper Ohio Valley, Inc., testified that her former employer withheld weekly deductions of

3

about $100.00 per week for healthcare premiums. Her husband is diabetic and requires ongoing medical treatment. She developed a GI bleed, which resulted in a visit to the emergency room, several colonoscopies, and other treatment. She became alerted to the fact that there was a problem with her employer-sponsored health benefits when she began receiving past-due notices from her medical providers. At that time, she discovered that there was no money in the employee health plan fund.

Minutes from a September 13, 2004 meeting discuss problems with the unpaid medical claims, and Ms. Schilling testified that defendant Lance Blankenship was going to take out a loan to pay the claims. She further testified that she learned at this meeting that the employee premiums being withheld from paychecks were being co-mingled with defendant Interim Healthcare of the Upper Ohio Valley, Inc.'s operating funds. *See* Pls. Ex. 2. Ms. Schilling was quite embarrassed when her medical bills went unpaid, particularly as a healthcare provider working in the community.

Janet Boice testified that she has diabetes, high blood pressure, and underwent colon surgeries. She had to have a colonoscopy every four months because of tumors. She also became alerted to a problem with her health insurance coverage because she started receiving unpaid medical bills. She testified that she had never received any notice that her medical claims were not covered. She has paid some of her medical bills, and the Cleveland Clinic forgave most of her bills after she had paid approximately $250.00 towards her outstanding balance. She reported that her credit rating had been affected and that the whole ordeal had been very stressful.

4

Plaintiffs have established a *prima facie* case of liability against defendants Lance Blankenship, Interim Healthcare of the Upper Ohio Valley, Inc., and Interim Healthcare of the Upper Ohio Valley Health Protection Plan and proven their damages by a preponderance of the evidence. Consequently, the Magistrate Judge RECOMMENDS that plaintiffs' August 23 ,2006 motion for default judgment as to defendants Interim Healthcare of the Upper Ohio Valley, Interim Healthcare of the Upper Ohio Valley Health Protection Plan, and Lance Blankenship (doc. 9) be GRANTED.

The Magistrate Judge RECOMMENDS that JUDGMENT be entered for plaintiffs Sandra Schilling, Charles Schilling and John Schilling in the amount of $9,609.24 in compensatory damages, plus an award of interest upon that amount at the statutory rate since January 1, 2005, and statutory damages under 29 U.S.C. § 1132(c) for failure to provide requested health care information in an amount equal to $110.00 times the number of days since May 20, 2006 until date of this Court's judgment entry. The Magistrate Judge FURTHER RECOMMENDS that JUDGMENT be entered for plaintiff Janet Boice in the amount of $27,289.74 in compensatory damages, plus an award of interest upon that amount at the statutory rate since January 1, 2005, and statutory damages under 29 U.S.C. § 1132(c) for failure to provide requested health care information in an amount equal to $110.00 times the number of days since May 20, 2006 until date of this Court's judgment entry.

The Magistrate Judge RECOMMENDS that plaintiffs be awarded their attorney fees under 29 U.S.C. § 1132(g)(1) in the amount of $12,332.50 and $123.90 for the costs of serving defendants as provided in Rule 4(d)(2) of the Federal Rules of Civil Procedure.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                 s/ Mark R. Abel
                 United States Magistrate Judge